**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYVORRIS OLIVER,

       Plaintiff,

v.                                 Case No. 8:25-cv-1162-TPB-NHA

ANTHONY HOLLOWAY, in his official
capacity as Chief of Police of
St. Petersburg Police Department,

       Defendant.

_____/

**<u>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS</u>**

This matter is before the Court on "Defendant, Anthony Holloway, in his

Official Capacity as Chief of Police of St. Petersburg Police Department's,

Dispositive Motion to Dismiss Counts of Plaintiff's Complaint," filed on May 13,

2025.  (Doc. 5).  Plaintiff Rayvorris Oliver filed a response in opposition on May 27,

2025.  (Doc. 6).  After reviewing the motion, response, court file, and the record, the

Court finds as follows:

**<u>Background</u>**[1]

On November 9, 2022, St. Petersburg Police Officer Reisz approached a

vehicle taking part in a suspected narcotics transaction.  But just as he approached

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the
pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling
on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations
contained in the complaint.").  The Court is not required to accept as true any legal
conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

the vehicle to apprehend the unknown driver, the vehicle fled.  Officer Reisz was wearing a body camera at the time of this encounter.

Following the incident, Detective R. Long of the St. Petersburg Police identified Plaintiff Rayvorris Oliver as the unknown driver of the fleeing vehicle based on "prior involvements, suspect description, documented physical features, and [the officer's] investigation."  Plaintiff alleges that he was issued a traffic citation and subsequently arrested and charged with fleeing and eluding a law enforcement officer.

According to Plaintiff, the underlying state court criminal proceedings took around nine months before the charge was ultimately dismissed after a state court judge "reviewed the video evidence in open court, and saw the obvious difference between the Plaintiff and the driver of the vehicle."  Plaintiff contends that the only shared physical characteristics between himself and the individual on camera was that they were both black males.  Plaintiff alleges that as a result of Defendant's actions and omissions, he has suffered damages including "physical suffering, pain and suffering, physical inconvenience, physical discomfort, loss of time, mental anguish, embarrassment, humiliation, intentional infliction of emotional distress, disgrace and other emotional and reputational damages."  He also claims incurred expenses, including past and future lost income and loss of job opportunities.

On November 8, 2024, Plaintiff filed a lawsuit in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, against Defendant in his official capacity. Plaintiff brings claims for a Fourth Amendment violation under 42 U.S.C. § 1983 (Count I), a Fourteenth Amendment violation under 42 U.S.C. § 1983 (Count II), a

42 U.S.C. § 1981 violation (Count III), false arrest and imprisonment under 42 U.S.C. § 1983 (Count IV), negligence (Count V), assault (Count VI), battery (Count VII), and invasion of privacy (Count VIII). Defendant timely removed the case to this Court on May 6, 2025. (Doc. 1).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

<u>Analysis</u>

In the motion to dismiss, Defendant argues that (1) Plaintiff fails to meet the requirements of *Monell*[2] to assert liability against the City of St. Petersburg in Counts I through IV, and (2) Plaintiff failed to comply with the notice requirements as to his state law claims in Counts V through VIII.

### *Federal Claims (Counts I-IV)*

Defendant argues that Plaintiff fails to sufficiently state any federal claims in Counts I through IV. Specifically, Defendant contends that Plaintiff fails to allege sufficient prior incidents of a similar nature to demonstrate a policy or custom of the municipality. Plaintiff is required to do so as to his § 1983 claims and his purported § 1981 claim. *See Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989) (explaining that similarly to § 1983 claims, "petitioner must show that the violation of his 'right to make contracts'" protected by § 1981 "was caused by a custom or policy within the meaning of *Monell* and subsequent cases").

Under *Monell*, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal appeal through the body's official decisionmaking channels." 436 U.S. 658, 690-91 (1978). Municipalities can only be held liable for "action pursuant to official municipal policy of some nature caused a constitutional tort;" a municipality cannot be liable under § 1983 on a respondeat superior theory simply because it employs a

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

tortfeasor. *Id*. at 691. "Supervisor liability arises only 'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" *Gross v. Jones*, No. 3:18-cv-594-J-39-PDB, 2018 WL 2416236, at *4 (M.D. Fla. May 29, 2018) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007)).

Consequently, "to impose § 1983 liability on a local government body, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Scott v. Miami-Dade Cnty.*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *3 (S.D. Fla. Dec. 13, 2016). "A plaintiff seeking to impose Section 1983 liability on a municipality for the actions of a police officer must identify an official policy or custom constituting the 'moving force' behind the constitutional violation." *Artuble v. Colonial Bank Grp., Inc.*, No. 8:08-cv-179-T-23-MAP, 2008 WL 3411785, at *8 (M.D. Fla. Aug. 8, 2008) (citing *Monell*, 436 U.S. at 694; *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

To demonstrate a policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient." *Scott*, 2016 WL 9446132 at *4. The requisite causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Christmas*, 51 F.4th at 1355 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th

Cir. 2003)). "Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotation and citation omitted).

Here, Plaintiff fails to identify any prior incidents that would be sufficient to demonstrate a widespread policy or custom. Instead, Plaintiff's allegations focus only on the circumstances of his own case, which is insufficient to establish a pattern of violations that would give notice to a municipality of the need to conform to constitutional dictates. *See Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 820 (11th Cir. 2017). As a result, Counts I through IV of the complaint are dismissed with leave to amend, if Plaintiff may do so in good faith.

### State Claims (Counts V-VIII)

Defendant argues that Plaintiff's state claims should be dismissed for failure to comply with the notice requirement of § 768.28, *F.S.*, a statute that provides for a limited waiver of sovereign immunity. Under this statute,

> [a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.

§ 768.28(6)(a), *F.S.* When a plaintiff fails to allege compliance with § 768.28(6)(a), the Court is "required to dismiss [the] claims for failure to comply with conditions

precedent. *Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258, 1274 (M.D. Fla. 2016) (citing *Anderson v. City of Groveland*, No. 5:15-cv-26-OC-30PRL, 2015 WL 6704516, at *11 (M.D. Fla. Nov. 2, 2015)).

Here, Plaintiff alleges that "[t]his action is permitted by Fla. Stat. § 768.28(1)" and that Defendant "was notified in writing of the intent to initiate litigation of the subject claim on or about February 28, 2024, pursuant to Fla. Stat. § 768.28(6)(a)." But at least one court has held that a plaintiff is required to provide statutory notice to the Department of Financial Services ("DFS") when suing a county officer because a county officer is not "a municipality, county, or the Florida Space Authority." *See Percival v. Chronister*, No. 8:23-cv-1243-KKM-LSG, 2025 WL 1940316, at *19-20 (M.D. Fla. July 15, 2025) (concluding that notice to DFS was required in case against the sheriff, who is not himself a municipality).

Considering the allegations of the complaint, it is not clear whether Plaintiff provided notice to DFS. Based on his response in opposition, it appears that Plaintiff may have done so. But the Court may not go outside of the four corners of the complaint and cannot rely on Plaintiff's response in opposition at this stage of the proceedings. In an abundance of caution, because Plaintiff must file an amended complaint as to his federal claims, the Court will also dismiss the state claims and require Plaintiff to allege full compliance with the notice requirements of § 768.28(6)(a). Counts V through VIII are therefore dismissed with leave to amend, if Plaintiff may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Anthony Holloway, in His Official Capacity as Chief of Police of St. Petersburg Police Department's, Dispositive Motion to Dismiss Counts of Plaintiff's Complaint" (Doc. 5) is **GRANTED** to the extent that the complaint is dismissed without prejudice, with leave to amend.

2. The motion is otherwise **DENIED**.

3. Plaintiff Rayvorris Oliver is **DIRECTED** to file an amended complaint on or before August 25, 2025.  Failure to file an amended complaint will result in this Order becoming a final judgment.

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE